UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALEX MALONE,
   Plaintiff,

  vs.                                                                  No. 05-1352

TOM PHARES, et.al.,
   Defendants

ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, Alex Malone, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the McLean County Jail. The plaintiff has named six defendants including Warden Tom Phares, Sheriff David Owen, Operations Officer Jamie Kessinger, Jail Superintendent Greg Allen, Inmate Services Officer Melinda Feller, and Administrator Pam Robinson.

     This is the second time the plaintiff has filed this complaint. The plaintiff originally filed his complaint on September 22, 2005 in the United States District Court for the Southern District of Illinois. On October 4, 2005, the case was appropriately transferred to the Central District of Illinois and the plaintiff was advised of the transfer and the new case number. *See Malone v. Phares*, 05-cv-1297.

     On October 25, 2005, the plaintiff was informed that his original case, 05-cv-1297, was set for a merit review hearing. On October 26, 2005, a Deficiency Order was entered informing the clerk that he needed to provide service forms for two of the defendants and copies of his complaint for all defendants. On November 14, 2005, the court conducted a merit review of the plaintiff's original complaint and the plaintiff participated by video conference. The court found that the plaintiff had failed to state a claim upon which relief could be granted and dismissed Case No. 05-cv-1297.

     Also on November 14, 2005, the clerk of the court received the complaint and a motion to proceed in forma pauperis in this case, 05-cv-1352. The plaintiff simply refiled the same

1

complaint, and did not mention the previous complaint addressing the same issues nor did he mention the other case number.

This case is dismissed since it is simply a copy of the complaint already addressed by this court. Once again, the plaintiff has failed to state a claim upon which relief can be granted. *See* 05-1297, November 17, 2005 Dismissal Order.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim. The case is terminated without prejudice.**

**2) The plaintiff must still pay the full docketing fee of $250.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**3) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**5) The motion to proceed in forma pauperis is denied as moot. [d/e 1]**

Entered this 2nd day of December, 2005.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE